IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 7 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARIO ALANIZ, JR. § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | |
| THE CITY OF SULLIVAN CITY, TEXAS § | CIVIL ACTION NO. B-04-040 |
| GUMARO FLORES, In His Individual and § | |
| Official Capacity as Mayor of Sullivan City, § | |
| REYNALDO RUIZ and § | JURY DEMANDED |
| FROILAN RAMIREZ, In their Individual § | |
| and Official Capacities as Commissioners § | |
| and ROLANDO GONZALEZ, In His § | |
| Individual and Official Capacity as § | |
| City Manager § | |
| Defendants. | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, MARIO ALANIZ, JR., hereinafter referred to as Plaintiff, complaining of the CITY OF SULLIVAN CITY, TEXAS, GUMARO FLORES, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS MAYOR OF THE CITY OF SULLIVAN CITY, REYNALDO RUIZ AND FROILAN RAMIREZ, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS COMMISSIONERS AND ROLANDO GONZALEZ, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS CITY MANAGER, hereinafter called by name or collectively as Defendants, and for such cause of action, would respectfully show unto the Court as follows:

1. **PARTIES**

    1.1   Plaintiff, MARIO ALANIZ, JR., is an individual residing in Starr County, Texas.

    1.2   Defendant Gumaro Flores is an individual who may be served by serving him at Sullivan City, City Hall, South Cenizo Street, Municipal Park Complex, P.O. Box 249, Sullivan City, Texas 78595-0249.

    1.3   Defendant the City of Sullivan City, Texas, is a political subdivision organized

pursuant to the Constitution and Laws of the State of Texas. The Defendant City is a municipality chartered by the State of Texas, who may be served by serving its Mayor Gumaro Flores at Sullivan City, City Hall, South Cenizo Street, Municipal Park Complex, P. O. Box 249, Sullivan City, Texas 78595-0249.

1.4     Defendant, Reynaldo Ruiz and Froilan Ramirez, are individuals who may be served by serving them at Sullivan City, City Hall, South Cenizo Street, Municipal Park Complex, P. O. Box 249, Sullivan City, Texas 78595-0249.

1.5     Defendant, Rolando Gonzalez, is an individual who may be served by serving him at Sullivan City, City Hall, South Cenizo Street, Municipal Park Complex, P. O. Box 249, Sullivan City, Texas 78595-0249.

2.      **JURISDICTION**

2.1     Jurisdiction is proper against Defendants CITY OF SULLIVAN CITY, TEXAS, GUMARO FLORES, REYNALDO RUIZ, FROILAN RAMIREZ, AND ROLANDO GONZALEZ pursuant to 28 U.S.C. §1331 and § 1343.

2.2     Jurisdiction is also proper as to Defendant Gumaro Flores pursuant to 28 U.S.C. §1343 (a) (1), (2) and §1367. Defendant Gumaro Flores conspired with other Defendants and persons to deprive the Plaintiff of his constitutional rights and privileges and the remaining claims against him are so related to the federal claims that they form part of the same case or controversy.

3.      **FACTUAL ALLEGATIONS**

3.1     The incidents giving rise to this cause of action are the results of a series of illegal and discriminatory occurrences that happened in the City of Sullivan City and in the Police Department of the City of Sullivan City, Hidalgo County, Texas.

3.2     The Plaintiff, Mario Alaniz, Jr., was employed with the City of Sullivan City as Chief of Police from July 27, 2002 until his unlawful termination on December 15, 2003.

3.3     In late November 2003, the Plaintiff, through his Sergeant started reporting violations of law which were occurring in the City of Sullivan City to the Hidalgo County D.A's office, and to other law enforcement officials including the FBI. Specifically, the Plaintiff informed the City Manager and later the D.A.'s office that there were problems which included but were not limited to problems between the department personnel and the Mayor with respect to the Mayor interfering with the police business and ordering the officers (1) to conduct traffic stops and issue citations to

whoever was observed making contact with the Mayor's political opponents and counseling (2) change citations to warnings for friends and political allies. Plaintiff reported to them facts which constituted the Defendants' official oppression against the officers. Plaintiff had also complained to the Mayor himself that he should not interfere so much in police business/duties, with respect to the officers and Plaintiff himself. He attempted to discuss some of the matters referred to above by requesting that his concerns be placed on the agenda, but his requests were ignored.

3.4     The Mayor began to conspire with now Chief (then Assistant Chief) and others to talk bad about the Plaintiff to the other officers and to attempt to undermine him. When Plaintiff reported having problems with the Assistant Chief, the Mayor and others protected the Assistant Chief.

3.5     The Mayor was informed of the Plaintiff's complaint by the D.A., Rene Guerra.

3.6     The Mayor immediately retaliated and informed persons, that he would get back at Plaintiff by taking away his unit, demoting Plaintiff, and not allowing him to do outside security work.

3.7     Later that day, policies were revised and most of what was at first considered rumors became true. Also later in that day the Mayor and Defendant Gonzalez confronted Plaintiff and the Mayor said he had discussed things with his son, State Representative Kino Flores, who said the Mayor could "get rid of Plaintiff". The Mayor also informed Plaintiff that he knew of Plaintiff's complaint to the D.A. by the D.A. himself, Rene Guerra. He said that nothing would happen to him because he had connections, implying he was above the law.

3.8     On December 7, 2003, Plaintiff was called to his residence by a fellow officer that he was on his way to Plaintiff's home to deliver a letter of suspension. The letter, attached hereto as Exhibit "A", does not state a reason for the suspension.

3.9     By then, the Mayor was telling everyone that Rene Guerra, the D.A., had told the Mayor that nothing would be done on the D.A.'s part and that Plaintiff should be fired. Furthermore, the Mayor began spreading rumors of evidence being tampered with by the Plaintiff, the City's Chief of Police.

3.10    On December 8, 2003, Plaintiff met with and turned in information to the Hidalgo County Sheriff's office regarding the matters stated above.

3.11    On December 11, 2003, Plaintiff by and through his attorney grieved the suspension

as shown by copy of letter attached hereto as Exhibit "B". No notice was given to Plaintiff's attorney, in response; but on December 15, 2003 Plaintiff was informed by persons other than the Defendant's herein that there was a meeting at City Hall to discuss the status of Chief of Police.

3.12 At that meeting, in front of many people and the community who were there in support of Plaintiff, Plaintiff was not allowed to speak on his behalf. After a brief executive session meeting, Plaintiff was fired without reason and against policy and law.

3.13 The Mayor's son, Representative Kino Flores, attended the meeting in support of his father. He coached his father at the meeting. After the meeting, he told officers and persons present that the Plaintiff was not able to do his job and that he and his father had to do it for Plaintiff.

3.14 Plaintiff has been told by numerous persons that the Mayor has spoken to them about Plaintiff, sometimes in social gatherings in front of others, and that the Mayor eluded to misbehavior on the part of Plaintiff such as stealing from the evidence room to place Plaintiff in false light.

3.15 Plaintiff who lives in Sullivan City, has been effected by the conspiracy of the Defendants and their negative recommendations with regard to job prospects by the Defendants' "blackballing"

3.16 Plaintiff and Plaintiff's family has been adversely effected. Plaintiff's parents are being told about rumors regarding their son's termination as a result of stealing, drug and possession of pornographic materials at the office, totally false rumors. Plaintiff's child is being told by other children in school that Plaintiff is "a crook".

3.17 The City has hired Herman Guerra, Plaintiff's Assistant Chief and a man of lesser credentials who is not qualified to be Chief, as Chief of Police because he is a "yes man" to the Mayor.

3.18 The Mayor has been so bold as to tell persons that Plaintiff was fired because he was a "whistleblower".

4. **SECTION 1983 AND 1985 CIVIL RIGHTS VIOLATIONS**

Plaintiff incorporates the above fact paragraphs herein for all purposes.

4.1 **FREE SPEECH RETALIATION**

The conduct of Defendants CITY OF SULLIVAN CITY, TEXAS, GUMARO FLORES, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS MAYOR OF THE CITY OF SULLIVAN CITY, REYNALDO RUIZ AND FROILAN RAMIREZ, IN THEIR INDIVIDUAL AND

OFFICIAL CAPACITIES AS COMMISSIONERS AND ROLANDO GONZALEZ, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS CITY MANAGER complained of, constituted discrimination on the basis of Plaintiff's speech and is protected by the First Amendment. Plaintiff made comments regarding a matter of public concern and reported violations of law by the Defendants to state and federal law enforcement authorities. The Plaintiff further made critical comments about the conspiracy of secrecy and failure of the Defendants to follow personnel policies which also involved matters of public concern. As a result, Plaintiff was fired for exercising his First Amendment rights and this was the motivating factor.

4.2  **FAILURE TO PROVIDE DUE PROCESS**

The Plaintiff also had a protected due process property interest in his continued employment and was never given any meaningful due process before or after his termination. In taking the aforesaid actions, the Defendants, acting under color of statue, regulation, custom, usage of the laws of the State of Texas, within the meaning of 42 U.S.C. § 1983 and § 1985, violated the Plaintiff's rights guaranteed under the Constitution.

4.3  **VIOLATION OF PROTECTED LIBERTY INTEREST**

Defendant Gumaro Flores in collusion and conspiracy with the other Defendants, denied the Plaintiff due process for his protected liberty interest. Comments were made publicly casting shadows over the reputation of the Plaintiff as well as inferring acts of dishonesty and incompetency on him. The Plaintiff was never provided a forum to clear his name. Defendants and Kino Flores publicly made allegations of corruption relating to the Plaintiff. Plaintiff was denied his liberty interest in his reputation.

4.4  **CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**

Plaintiff alleges that the officials who participated in the wrongful acts were lawmakers or policy makers with the City of Sullivan City whose actions may fairly be said to be the actions of the City. Defendants using the authority and weight of their office, abused their public trust to cast aspersions and defame Plaintiff and deny him of his protected liberty interest. All of the Defendants acted in collusion and conspired to deprive the Plaintiff of his constitutionally protected rights, and in violation of 42 U.S.C. §1983 and §1985. The Defendants intended to violate the Plaintiff's constitutional rights for exercising his free speech, depriving him of his property interests without due process and his liberty interest in his reputation.

5. **STATE LAW CLAIMS**

Plaintiff incorporates the above facts herein for all purpose.

5.1 **TEXAS WHISTLEBLOWER**

Pursuant to the Texas Government Code Section 554.001 et. seq., the Plaintiff did in good faith report a violation of law against Gumaro Flores to an appropriate law enforcement authority. Shortly thereafter, the Defendants began to take adverse personnel action against the Plaintiff. Plaintiff has complied with all conditions precedent including the voluntary grievance procedures, but no relief has been availed as no grievance has been granted by the Defendants which dismissed him. Defendant City of Sullivan City and the individual Defendants are guilty of retaliating against the Plaintiff and are liable for all damages incurred by the Plaintiff.

5.2 **DEFAMATION OF CHARACTER**

Plaintiff sues the individual Defendants for defamation of his good reputation due to the publication of false and non-privileged statements by the individual Defendants to third persons. The statements were all made in reference to Plaintiff's work performance, his professional integrity and other matters concerning his occupation and related to acts which accuse the Plaintiff of the commission of crimes and/or immoral and dishonest conduct. The defamatory statements were made directly about Plaintiff or were so closely associated with the Plaintiff as to constitute allegations against the Plaintiff himself. Because of this fact, it is clear that the publication was made of, and concerning the Plaintiff, and was so understood by those persons who heard the statements.

The defamatory statements made the subject of this lawsuit were uttered with malice and bad faith for the purpose of causing injury to the Plaintiff. In this connection, Plaintiff will show that the individual Defendants harbored feelings of ill will towards him. Defendants' publication of slander and slander per se were made with malice for the reason that it was made with knowledge that it was false or with such utter recklessness as to indicate a disregard to the consequences and conscious indifference to the rights of the Plaintiff.

5.3 **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

The Plaintiff further asserts that the individual Defendants' actions in the nature and extreme and outrageous conduct were intentional and reckless whose purpose was to cause infliction of severe emotional distress to the Plaintiff. Said action and statements were extreme and outrageous

Case 1:04-cv-00040  Document 1  Filed in TXSD on 02/27/2004  Page 7 of 17

and shocked the conscience of reasonable and prudent persons. Defendants' actions caused Plaintiff mental as well as physical pain. As a result of Defendants' actions, Plaintiff has suffered damages in amounts which exceed the minimum jurisdictional requirements of the Court.

5.4 **CIVIL CONSPIRACY**

The individual Defendants, in order to promote their own personal interests, agreed to circumvent the requirements of Texas law for public officials concerning open meetings, and discussion of matters which concern municipal business. The individual Defendants violated State law in order to further violate the Plaintiff's own property rights and interests, and in violation of his rights. As such, the individual Defendants are liable to the Plaintiff for all damages available at law.

6. **CONDITIONS PRECEDENT**

All conditions precedent have occurred or are occurring.

7. **ACTUAL DAMAGES**

As a result of the incidents described above, that are made part of the basis of this suit and incorporated herein, Plaintiff has incurred damages in the following respects:

7.1 **INJURY TO REPUTATION AND CHARACTER**

As a result of the dissemination of false information and the attendant publicity caused by the Defendants, Plaintiff is and will in the future be seriously injured in good name and reputation in the community and exposed to hatred contempt, and ridicule of the general public, as well as potential employers, friends, and relatives. Plaintiff's position was one of high public trust and he has suffered damages in amounts which exceed the minimum jurisdiction requirements of this Court.

7.2 **LOST EARNINGS AND DIMINISHED EARNING CAPACITY**

At the time of the incident complained of, Plaintiff was gainfully employed as a Chief of Police with the City of Sullivan City. As a proximate result of the wrongful acts of the Defendants, Plaintiff was unable to attend to his occupation and thereby suffered a loss of wages in the past, fringe benefits and other valuable job rights for which he hereby sues. As a result of the wrongful acts of the Defendants, Plaintiff's capacity to earn a livelihood has been severely impaired, and in all reasonable probability this injury will continue long after into the future, if not for the balance of Plaintiff's natural life, all to his damage for which he hereby sues.

### 7.3     PAST AND FUTURE MEDICAL EXPENSES

As a result of the injuries inflicted upon the Plaintiff by the Defendants, Plaintiff was caused to incur medical bills in the past and in all reasonable probability will be likely to incur other medical bills related to the injuries. Plaintiff has suffered damages in amount which exceed the minimum jurisdictional requirements of this Court.

### 7.4     PAST AND FUTURE MENTAL ANGUISH

As a result of the injuries sustained by the Plaintiff and inflicted by the Defendants, Plaintiff has suffered severe emotional distress, headaches, embarrassment, anxiety, sleeplessness, worry, nervousness and other physical as well as mental pain and anguish and in all reasonable probability, Plaintiff will continue to suffer such mental and physical pain and anguish for a long time into the future, if not for the balance of his natural life. Plaintiff has suffered damages in an amount which exceed the minimum jurisdictional requirements of this Court.

### 8.     EXEMPLARY DAMAGES

The conduct of the individual Defendants was carried out willfully, maliciously, with ill will, and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of this Plaintiff. Plaintiff is hereby entitled to recover exemplary damages to deter such cruel and undignified procedures by the individual Defendants in the future. Prior to terminating the Plaintiff, the individual Defendants were advised by counsel that their actions were wrongful, yet the individual Defendants also sought the advise of other persons on ways to remove the Plaintiff. Accordingly, Plaintiff requests that exemplary damages be awarded against the individual Defendants in amounts which exceed the minimum jurisdictional requirements of this Court.

### 9.     ATTORNEYS' FEES AND LITIGATION EXPENSES

By reason of the allegations of this petition, Plaintiff is entitled to recover reasonable attorney's fees and expert fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that the attorneys whose names are subscribed to this pleading have been employed to assist Plaintiff in the prosecution of this action. A reasonable attorney's fee is requested for the work expended in preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. Reasonable and necessary attorney's fees are sought pursuant to 42 U.S.C. Section 1988. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of paralegals and/or law clerks who assisted in the prosecution of this case. As permitted by law,

Plaintiff also seeks to recoup all litigation expenses expended by him and his legal team in the prosecution of this lawsuit as well as all costs of Court.

10  **REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of his peers.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court cite the Defendants to appear and after having appeared herein, that the Court have trial in this cause and award judgment against the Defendants for Plaintiff's damages, actual and special, all punitive damages, attorney's fees, litigation fees and expenses, pre-judgment as allowed by law, interest on said judgment at the legal rate from the date of judgment, for costs of suit herein, and for such other and further relief, at law or in equity as to which Plaintiff may be justly entitled.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
&amp; ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
Telephone: (956) 546-3731
Telefax: (956) 546-3766

By: _____
Francisco J. Zabarte
State Bar No. 22235300
Federal I.D. No. 10747

Miguel Salinas
State Bar No. 17534750
Federal I.D. No. **15171**
Law Office of Miguel Salinas
803 Old Port Isabel Road
Brownsville, Texas 78521
Telephone: (956) 550-1115
Telefax: (956) 550-1134
Attorneys for Plaintiff

# MEMORANDUM

**TO:** Mario Alaniz, Chief of Police

**FROM:** Rolando Gonzalez, City Manager

**DATE:** December 7, 2003

**RE:** Suspension With Pay


In the best interest of the City I am suspending you with pay effective today. Your office will remain locked and no one is to gain entry without my approval.



SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
ATTORNEYS AT LAW
100 NORTH EXPRESSWAY 83
BROWNSVILLE, TEXAS 78521-2284

JACK D SANCHEZ (1945-1987)

DENNIS M SANCHEZ, P C
ROBERT A WHITTINGTON, P.C
BRIAN G JANIS, P C
FRANCISCO J ZABARTE, P C
C FRANK WOOD, P C.

TEL (956) 546-3731
FAX (956) 546-3765

December 11, 2003

Via Certified Mail RRR
& Facsimile: (956) 485-9551

Rolando Gonzalez, City Manager
P.O. Box 249
Sullivan City, Texas 78595-0249

Re:  Mario Alaniz, Chief of Police
     Our File No. 20676

Dear Mr. Gonzalez and Council Members:

Please be advised that we represent Chief Mario Alaniz with regard to a suspension notice which he received on December 7, 2003, which I attach hereto as Exhibit "A" and incorporate herein by reference.

It is my understanding that your City has a policy with regard to adverse decisions concerning the officers. It is also my understanding that they are to grieve to you the adverse decision which, in this case, is a suspension, within five working days.

Crucial to my clients grievance with regard to this matter is that the suspension notice which my client has been given is totally without an explanation as to the reason for same. Typically, an officer is given an opportunity to review any complaint filed against him; and, afterwards, he is given a forum in which to address his grievance. This is so that both sides of an issue can be weighed and a reasonable opporuntity to make a judicious decision can be made. Similarly, if there is an Internal Investigation against an officer, notice of such investigation and allegations should also be given to him, and a time frame for him to answer or to give his statement is given. Actions taken without proper notice violate the officer's due process rights. In this instance, my client has not been given any reason whatsoever for the suspension. This leads me to believe that there is some type of abuse of process, misconduct, official oppression or bad motivation behind the scenes by the City with regard to my client.

My client has never been given a reprimand or any prior discipline in order to warrant a suspension such as this. He has been an exemplary person to work with to date. He came to work for your department on April 6, 2002, and by August 27, 2002 he became the Chief of Police. He has the support of all of his police officers and gets along with them very well.

Rolando Gonzalez, City Manager
December 11, 2003
Page 2

At this time, he requests that he be reinstated immediately and that any negative/false documentation which has been sent to his personnel file be removed immediately. Otherwise, my client requests a hearing in a public forum (your next agenda meeting) to be informed as to the reason why he is being suspended with pay without any prior notice. This should bring embarrassment to the administration since the City's own notice procedures have not been followed. After such notice, then my client will request another meeting to present his response and determine your decision.

If any of you should have any questions, please do not hesitate to contact me. I would appreciate receiving all documentation explaining the reason for the suspension be forwarded to us as soon as possible and before the next agenda meeting for the City so as to prevent having two meetings. Ultimately, we look forward to discussing this matter with all of you and believe that after proper review and/or investigation, you would agree that a suspension in the manner in which has been decided is unwarranted.

If we do not hear from by you next meeting you shortly we will take whatever steps are necessary to represent this matter in an appropriate form.

Very truly yours,

Francisco J. Zabarte

FJZ/ym

cc: Mayor Gumaro "Maro" Flores
Commissioner Reynaldo "Rey" Ruiz
Commissioner Froilan "Tito" Ramirez

# MEMORANDUM

**TO:** Mario Alaniz, Chief of Police

**FROM:** Rolando Gonzalez, City Manager 

**DATE:** December 7, 2003

**RE:** Suspension With Pay


In the best interest of the City I am suspending you with pay effective today. Your office will remain locked and no one is to gain entry without my approval.

EXHIBIT A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Rolando Gonzalez, City Manager
P O Box 249
Sullivan City, Texas 78595-0249

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Claudia [signature]   ☐ Agent   ☒ Addressee

B. Received by (Printed Name)   C. Date of Delivery
   DEC 19 2003

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☒ No

[USPS postmark: SULLIVAN CITY]

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered         ☒ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
   7003 0500 0001 0996 1111

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

**SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.**
Attorneys At Law
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731
Fax: (956) 546-3766
e-mail address: ymartinez@swjz.com

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: (956) 485-9551

To:     Mr. Rolando Gonzalez, City Manager

From:   Mr. Francisco J. Zabarte

Re:     Mario Alaniz, Chief of Police
        Our File No. 20676

Date:   December 11, 2003

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Correspondence | 1 |

COMMENTS:

Please see attached letter.

Original will follow.

NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE <u>ALL</u> PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (956) 546-3731.

The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.

**HP OfficeJet**
Personal **Printer/Fax/Copier**

**Fax Log Report** for
SWJZ
(956) 546-3765
Dec-11-03   04:15 PM

| Identification | Result | Pages | Type | Date | Time | Duration | Diagnostic |
|---|---|---|---|---|---|---|---|
| 4859551 | OK | 04 | Sent | Dec-11 | 04:14P | 00:01:14 | 002582030022 |

12.0   2.8

**HP OfficeJet**  
Personal **Printer/Fax/Copier**

**Fax Log Report** for  
SWJZ  
(956) 546-3765  
Dec-11-03   05:18 PM

| Identification | Result | Pages | Type | Date | Time | Duration | Diagnostic |
|---|---|---|---|---|---|---|---|
| 5807017 | OK | 04 | Sent | Dec-11 | 05:17P | 00:01:07 | 002582030022 |

1.2.0   2.8