9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 4 2004

Michael N. Milby
Clerk of Court

MARIO ALANIZ, JR.                            §
                                             §
        VS.                                  §
                                             §        CIVIL ACTION NO.
                                             §
THE CITY OF SULLIVAN CITY, TEXAS,            §        B - 04 - 040
TEXAS, GUMARO FLORES, in his and             §
Official Capacity as Mayor of Sullivan       §
City, REYNALDO RUIZ and FROILAN              §
RAMIREZ, in their Individual and Official    §
Capacities as Commissioners and ROLANDO      §
GONZALEZ, in his Individual and Official      §
Capacity as City Manager                      §

---

## DEFENDANTS' FIRST AMENDED MOTION TO TRANSFER VENUE, FIRST AMENDED MOTION TO DISMISS, FIRST AMENDED MOTION FOR MORE DEFINITE STATEMENT, AND FIRST AMENDED MOTION TO STAY DISCOVERY

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the **CITY OF SULLIVAN CITY, TEXAS** and **GUMARO FLORES**,

*Individually and in his official capacity as Mayor of the City of Sullivan City*, **REYNALDO RUIZ**,

*Individually and in his official capacity as a Commissioner of the City of Sullivan City*, **FROILAN**

**RAMIREZ**, *Individually and in his official capacity as a Commissioner of the City of Sullivan City*,

and **ROLANDO GONZALEZ**, *Individually and in his official capacity as City Manager of the*

*City of Sullivan City*, Defendants herein, and file this their First Amended Motion to Transfer Venue

pursuant to 28 U.S.C. § 1404, First Amended Motion to Dismiss for failure to state a claim upon

which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), First Amended

Motion for More Definite Statement, pursuant to Federal Rule of Civil Procedure 12(e), and First

Amended Motion to Stay Discovery, pursuant to applicable law, and for cause would respectfully show unto the Court the following:

---

## DEFENDANTS' FIRST AMENDED MOTION TO TRANSFER VENUE

---

### I.

Defendants request this Court to transfer Plaintiff's lawsuit to the McAllen Division of the Southern District of Texas for the convenience of the parties and in the interest of justice, pursuant to 28 U.S.C. § 1404(a). Plaintiff admits in his Original Complaint that he is a resident of Starr County, Texas. (Pl.'s Original Compl. ¶ 1.1.) Plaintiff also admits that the Defendants reside in Sullivan City, Hidalgo County, Texas. (Pl.'s Original Compl. ¶¶ 1.2 – 1.5, & 3.1.) Both Plaintiff and Defendants reside within the jurisdictional boundaries of the McAllen Division of the Southern District of Texas. Further, the McAllen Division is the Division in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. Plaintiff has identified no venue facts, on the other hand, that would justify retaining this case in the Brownsville Division. Venue, therefore, is proper in the McAllen Division. *See* 28 U.S.C. 1391(b).

### II.

Plaintiff has chosen to file his lawsuit in the Brownsville Division of the Southern District of Texas, apparently for no reason other than counsel's convenience. While the location of the lawsuit may be convenient for the parties' counsel, the locus of the suit in the Brownsville Division is not convenient for the Defendants. *See* 15, Wright, A., Miller, & Cooper, Federal Practice and Procedure § 3801, pp. 3-4 (1986)(noting that the "key to venue is that it is 'primarily a matter of choosing a convenient forum.' It looks to the 'convenience of litigants and witnesses' although it is

more concerned with the litigant who has not chosen the forum than with the litigant who has."
(internal citations omitted)). Because Plaintiff resides within the McAllen Division, he will not be
prejudiced by the transfer. Further, not only do the Defendants and Plaintiff reside within the
McAllen Division, but most if not all of the key witnesses or potential witnesses for trial will be
located in that Division as well. All of these factors combined militate in favor of transfer to the
McAllen Division. *See In re Horseshoe Entertainment*, 337 F.3d 429 (5ᵗʰ Cir.), *cert. denied*, 124
S. Ct. 826 (2003)(holding that transfer to another division within same district mandated where
parties resided in Division, where witnesses were located in Division, where alleged
unconstitutional acts occurred, and employment documents were located in Division). "The factor
of 'location of counsel' is irrelevant and improper for consideration in determining the question of
transfer of venue." *Id*. at 434.

WHEREFORE, PREMISES CONSIDERED, Defendants **CITY OF SULLIVAN CITY,
TEXAS** and **GUMARO FLORES**, *Individually and in his official capacity as Mayor of the City
of Sullivan City*, **REYNALDO RUIZ**, *Individually and in his official capacity as a
Commissioner of the City of Sullivan City*, **FROILAN RAMIREZ**, *Individually and in his
official capacity as a Commissioner of the City of Sullivan City*, and **ROLANDO GONZALEZ**,
*Individually and in his official capacity as City Manager of the City of Sullivan City*, would
respectfully request that the Court set this matter for hearing and transfer Plaintiff's lawsuit to the
McAllen Division of the Southern District of Texas, pursuant to 28 U.S.C § 1404(a), and for such
other and further relief to which Defendants may show themselves to be justly entitled, at law and in
equity.

# DEFENDANTS' FIRST AMENDED MOTION TO DISMISS

## I.

## SUMMARY OF MOTION TO DISMISS

Plaintiff was an at-will employee of Defendant Sullivan City, Texas. He alleges that he was terminated in violation of his right to free speech, that he had a protected due process property interest in his continued employment, that he had a protected liberty interest in his reputation, that Defendants violated the Texas Whistleblower's Act, and that Defendants defamed him, intentionally inflicted emotional distress on him, and engaged in a civil conspiracy to violate his rights, for which he claims he is entitled to actual damages, exemplary damages, and attorney's, paralegal's and expert's fees.

As an at-will employee, Plaintiff Alaniz did not have a protected property right in his continued employment, and he did not have any right to a due process hearing before or after his termination. Plaintiff has also not identified any facts that would establish the elements of a liberty interest claim. The individual Defendants are immune from any claims under the Whistleblower's Act, because it applies only to employing governmental entities, and not to individuals, and Plaintiff's claim against the City is defective because he has not identified any violation of law or how he was terminated for its report. Plaintiff has also not identified any allegedly defamatory statements made by Defendants for his slander claim. The allegations raised by Plaintiff in his intentional infliction of emotional distress claim do not rise to the level of extreme and outrageous conduct, and Plaintiff has not identified how he suffered any severe emotional distress, necessary to establish that claim. Plaintiff's intentional tort claims of defamation, conspiracy and intentional infliction of emotional distress are also barred by sovereign immunity as against Sullivan City.

Because Plaintiff has identified no basis for his civil conspiracy claims, those claims should also be dismissed. Defendant Sullivan City is immune from Plaintiff's exemplary damage claims, and he has failed to identify any basis for recovery of exemplary damages against the individual Defendants herein, or any basis for the recovery of expert's or paralegal's fees herein. The individual Defendants are also entitled to dismissal based on their qualified immunity for all acts alleged.

## II.

## FACTUAL ALLEGATIONS

Plaintiff Mario Alaniz, Jr., is the former Chief of Police of the Sullivan City Police Department. Plaintiff alleges in his Original Complaint that Mayor Gumaro Flores ordered officers to conduct traffic stops and issue citations to the Mayor's political opponents and that he ordered officers to alter issued citations to warnings for political allies. (Pl.'s Original Compl. ¶ 3.3.) Plaintiff also contends that he brought the Mayor's alleged conduct to the attention of the FBI, the Hidalgo County District Attorney's Office and the Hidalgo County Sheriff's Office. (Pl. Original Compl. ¶¶ 3.3, 3.10.)    Plaintiff alleges that he was thereafter suspended. (Pl. Original Compl. ¶ 3.8.)   Although Plaintiff alleges he requested an administrative hearing to grieve his suspension, he does not identify any City policies or procedures that would entitle him to any hearing. Plaintiff alleges that he was terminated by the City during the executive session portion of a council meeting at which he and his attorney were present. (Pl. Original Compl. ¶¶ 3.11, 3.12.)

## III.

## LEGAL ANALYSIS

A.    **Fourteenth Amendment Due Process**

Plaintiff does not specify in what manner he is claiming a pre- or post-termination due process violation; instead, he only alleges generally that his due process rights were violated when he was given neither. In order to have a right to due process in an employment setting, the employee must establish that he has a property interest in his employment, which is a legitimate right to continued employment. *See McDonald v. City of Corinth*, 102 F.3d 152, 155 (5th Cir. 1996). State law determines whether a Plaintiff has a property interest in employment. *Id.* In Texas, an at-will employment state, an employee must demonstrate the existence of some form of an employment contract in order to establish a property right in his employment. *Shultea v. Wood*, 47 F.3d 1427, 1429 (5th Cir. 1995).

"To succeed with a claim based on substantive due process in the public employment context, the Plaintiff must show two (2) things: (1) that he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious." *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993). "[P]rocedural due process is a positivist notion, designed to protect property interests, existing not by force of the due process clause itself, but established by reference to some independent source, such as state law or contract." *Martin v. Memorial Hosp. at Gulfport*, 130 F.3d 1143, 1147 (5th Cir. 1997)(citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). Because Plaintiff has not alleged any basis for a property interest in his continued employment, he cannot establish any claim for violation of his procedural or substantive due process rights.

Plaintiff has not alleged the existence of any employment contract, and no such contract exists. Plaintiff was an at-will employee, with no property right to his continued employment. In addition, Defendant Sullivan City had no policies or procedures that would even arguably entitle Plaintiff to any form of pre – or post – termination hearing. Without any such property right, Plaintiff was not entitled to any due process hearing prior to or after the termination of his employment. Accordingly, Plaintiff's due process claim against Sullivan City should be dismissed in its entirety.

Because Plaintiff Alaniz did not have any right to due process from Sullivan City, he derivatively had no such right from the individual Defendants, because he had no property right of which they could deprive him either. *See Moulton v. City of Beaumont*, 991 F.2d 227 (5th Cir. 1993). In addition, because Plaintiff did not have an independent employment relationship with the individual Defendants, they could not have deprived Plaintiff of any right to due process. A right to due process in an employment setting applies only between an employee and his employer. Accordingly, the individual Defendants could not have deprived Plaintiff of any due process. Because Plaintiff did not have a property right to continued employment, he may not now maintain a claim for deprivation of due process from either Defendant Sullivan City or Defendants Flores, Ruiz, Ramirez or Gonzalez individually.

Plaintiff also alleges Defendants "denied the Plaintiff due process for his protected liberty interest." (Pl.'s Original Cmpl.¶ 4.3.) The only legal basis for asserting a claim of deprivation of a liberty interest would necessarily have to arise in the denial of an opportunity to rebut allegedly false charges against him. To the extent that Plaintiff is alleging such a claim against these Defendants, however, he must first establish that the:

> charges against him were raised to such a level that they created a 'badge of infamy' which destroys the claimant's ability to take advantage of other employment opportunities. Additionally, the claims must be false and the claimant must show that damage to his reputation and employment opportunities has in fact occurred.

*Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 877-78 (5th Cir. 1991).

Plaintiff has not identified how any of the Defendants asserted any charges against him, how the charges against him created a "badge of infamy," how the charges against him were false, how his reputation was damaged, or how any employment opportunities have been denied. Accordingly, he has not stated a claim for the denial of any liberty interest, or any right to due process, and such claims should therefore be dismissed.

## B.    Federal Conspiracy Claims

Plaintiff makes a nebulous, general claim of conspiracy under 42 U.S.C. § 1985. Although it is unclear under which part of § 1985 Plaintiff seeks redress, no part is applicable to this case. Section 1985(1) is not applicable to state officials because that part of the statute was enacted solely to apply "in cases of interference with federal officials in the performance of their duties." *Benningfield v. City of Houston*, 157 F.3d 369, 378-79 (5th Cir. 1998). Because neither Plaintiff nor Defendants are federal officials, Plaintiff's allegations fail to state a claim under § 1985(1). *Id*. To recover under § 1985(2), Plaintiff must allege that he was injured as a result of having to attend or testify in a *federal court proceeding*. *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 758 (5th Cir. 1987). Plaintiff has not alleged any nexus between any alleged conspiracy and a proceeding in federal court. *Id*. Claims under § 1985(3) require an allegation of conspiracy motivated by "'class-based invidiously discriminatory animus.'" *Burns-Toole v. Byrne*, 11 F.3d 1270, 1276 n.25 (5th Cir. 1994)(quoting *Griffin v. Breckenridge*, 403 U.S. 88,

102, 91 S. Ct. 1790, 1798 (1971)). Plaintiff has also not alleged that he was discriminated against because of his race, nor has he identified any class to which he allegedly belonged. Therefore, under no set of facts alleged by Plaintiff does he assert a viable § 1985 claim, and this Court should dismiss those claims.

**C.    Texas Whistleblower's Act**

The Texas Whistleblower's Act authorizes suits by a public employee against his employing state or local governmental entity for violation of the Act. TEX.GOV'T CODE § 554.0035. The Texas Whistleblower's Act does not provide any private right of action against a supervisor or co-worker, however. *Thompson v. City of Arlington*, 838 F.Supp. 1137 (N.D. Tex. 1993). *See also, Alaniz v. Williams*, 1998 WL 341292, p.2. (Tex. App.- San Antonio, March 31, 1998, n.w.h.). Because the Whistleblower's Act does not allow for claims against individuals, Defendants Gumaro Flores, Reynaldo Ruiz, Froilan Ramirez and Rolando Gonzalez are entitled to dismissal of this claim.

The Whistleblower's Act prohibits the suspension or termination of employment of a public employee who in good faith reports a violation of law by his employer or a public employee "to an appropriate law enforcement authority." TEX.GOV'T CODE § 554.002(a) (Vernon 1994). Plaintiff has not identified any violation of law that he reported to a law enforcement authority, however. Although he alleges he informed law enforcement authorities that Mayor Flores allegedly requested Sullivan City police officers to issue citations to his political opponents and to offer leniency to his political allies, he has not identified how any of those actions would constitute a violation of law. Plaintiff has also not identified how any action was allegedly taken against him because of such alleged reporting. Without any claim that he was suspended "because" he reported a violation of law in good faith to an appropriate law enforcement authority, he may not maintain any

Whistleblower Act claim. *See Texas Dept. of Human Services of State of Texas v. Hinds*, 904 S.W. 2d 629, 633 (Tex. 1995). Accordingly, Plaintiff's Whistleblower's Act claim should be dismissed.

**D.    Defamation**

"Slander is a defamatory statement that is orally communicated or published to a third person without legal excuse." *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). It should be noted, however, that "an employer has a conditional or qualified privilege that attaches to communications made in the course of an investigation following a report of employee wrongdoing." *Id.* "[T]ruth is an affirmative defense to slander." *Id.*; *Town of South Padre Island v. Jacobs*, 736 S.W.2d 134, 140 (Tex. App.- Corpus Christi 1986, writ denied). In addition, Texas does not recognize the tort of false light invasion of privacy. *Cain v. Hearst Corp.*, 878 S.W.2d 577 (Tex. 1994).

Plaintiff sues Defendants for the alleged publication of false and non-privileged statements to third persons, yet he fails to identify any such alleged statements, when the statements were published or how they were not true. Because Plaintiff has identified no actual statements that were allegedly made by any of these Defendants, including to whom and when they were made, Plaintiff cannot establish a cause of action for defamation against these Defendants.

In addition, the Texas Tort Claims Act does not authorize any claims of intentional torts against Defendant Sullivan City. TEX. CIV. PRAC. & REM. CODE § 101.057(2). Because the Tort Claims Act does not waive the City's immunity for claims of intentional torts such as defamation, the City retains its sovereign immunity from this claim. *Delaney v. University of Houston*, 835 S.W. 2d 56, 59 (Tex. 1992); *City of Hempstead v. Kmiec*, 902 S.W. 2d 118, 122 (Tex. App.-

Houston [1st Dist.] 1995, no writ). Accordingly, Plaintiff's claim of defamation against these Defendants should be dismissed.

### E.    Intentional Infliction of Emotional Distress

In order for Plaintiff to establish his claim of intentional infliction of emotional distress, he must prove "(1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the emotional distress suffered by the plaintiff was severe." *Twyman v. Twyman*, 855 S.W. 2d 619, 621 (Tex. 1993). In addition, "liability for outrageous conduct should be found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id*. (quoting RESTATEMENT (SECOND) OF TORTS § 46, comment d(1965)).

Plaintiff has not identified any action or conduct allegedly engaged in by any of these Defendants that would constitute extreme or outrageous conduct, nor has he alleged any emotional distress suffered by him that rose to the level of severity necessary to establish this cause of action. Without even an allegation that his claim rose to the level necessary to establish an intentional infliction claim, that claim must be dismissed.

In addition, to the extent Plaintiff is alleging a cause of action for intentional infliction of emotional distress as against Sullivan City, by definition that claim is an intentional tort and cannot survive. TEX. CIV. PRAC. & REM. CODE § 101.057(2); *Delaney v. University of Houston*, 835 S.W. 2d at 59; *City of Hempstead v. Kmiec*, 902 S.W. 2d at 122. Accordingly, Plaintiff's claim of intentional infliction of emotional distress should be dismissed in its entirety.

## F.   State Law Civil Conspiracy

Plaintiff alleges only generally that the Defendants violated state law and Plaintiff's alleged property rights, thereby somehow establishing his claim for civil conspiracy.  Plaintiff does not identify any alleged state law violation, however, particularly in light of the fact that he did not have any property right to his continued employment, as set out above.  Even to the extent that he could establish some alleged property right, he does not allege or establish how any of the Defendants violated state law in depriving him of any alleged property rights.

"An actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Massey v. Armco Steel Co.*, 652 S.W. 2d 932, 934 (Tex. 1983).  It requires Plaintiff to provide evidence of "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Id.*  Plaintiff has neither alleged nor provided any evidence to establish any meeting of the minds or any unlawful, overt acts.  Nor has Plaintiff identified any actors that were not already a part of Defendant Sullivan City.  As a general rule, a corporation or organization cannot conspire with itself, particularly where Plaintiff alleges the individual Defendants were acting in their official capacities.  *See Vasko v. Chase Manhattan Bank, N.A.*, 909 S.W. 2d 95, 100 n.7 (Tex. App - Houston [14th Dist.] 1995, writ denied).  Accordingly, Plaintiff's state law claim of civil conspiracy should be dismissed.

In addition, to the extent Plaintiff is alleging a cause of action for civil conspiracy against Sullivan City, that intentional tort claim cannot lie.  TEX. CIV. PRAC. & REM. CODE § 101.057(2)(no waiver of immunity for intentional torts); *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 617 (Tex. 1996)(civil conspiracy is an intentional tort).  Accordingly, Plaintiff's civil conspiracy claims should be dismissed in their entirety.

## G.   Exemplary Damages

Plaintiff may only recover exemplary damages under § 1983 if he establishes that the official conduct in question was motivated by evil intent or demonstrates reckless or callous indifference to constitutional rights. *Brown v. Bryan County*, 67 F.3d 1174, 1181 (5th Cir. 1995); *Thompkins v. Belt*, 828 F.2d 298, 301 (5th Cir. 1987).   Under state law, Plaintiff can recover punitive damages only on a showing of malice or fraud. TEX. CIV. PRAC & REM. CODE § 41.003 (Vernon 1997).   Plaintiff's Original Complaint does not contain any statements meeting either of these standards, and Defendants' conduct described in Plaintiff's Original Complaint does not rise to the level of egregious conduct for which Defendants could be subject to a punitive damages award. In addition, exemplary damages may not be awarded against Defendant Sullivan City because sovereign immunity precludes these claims. *Newport v. Fact Concerts, Inc.*, 453 US 247, 259, 101 S.Ct. 2748, 2756, 69 L.Ed.2d 616, 627 (1981); TEX. CIV. PRAC. & REM. CODE § 101.024; *City of La Porte v. Barfield*, 898 S.W. 2d 288, 299 (Tex. 1995).   Therefore, Plaintiff's claim for exemplary damages should be dismissed.

## H.   Expert's and Paralegal's Fees

Plaintiff seeks the recovery of fees for any experts and paralegals he may retain in this action, pursuant to 42 U.S.C. § 1988.   Under certain circumstances, § 1988 allows for the recovery of expert fees for an action brought pursuant to 42 U.S.C. § 1981 or § 1981a.   Plaintiff does not seek recovery under either of those sections, however.   Plaintiff also does not identify any authority to recover a paralegal's fees.   Accordingly, his claim for recovery of expert's and paralegal's fees should be dismissed.

## I.   Qualified Immunity

There is a presumption that individual Defendants are entitled to federal qualified immunity. To establish that individual Defendants Gumaro Flores, Reynaldo Ruiz, Froilan Ramirez and Rolando Gonzalez are *not* entitled to qualified immunity, the Plaintiff must satisfy a three-pronged test. First, he must allege facts that assert a violation of a constitutional right. Second, he must show that this right was clearly established at the time of the Defendants' actions, and third he must show that the Defendants' actions were objectively unreasonable. *Eugene v. Alief Independent School Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995). Even if Defendants' conduct infringed upon a constitutional right of the Plaintiff, qualified immunity will shield the Defendant if his conduct was objectively reasonable. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998). Plaintiff has not alleged the violation of a clearly established right of which the individual Defendants would reasonably have known. If this Court finds that Plaintiff's suspension and ultimate termination arguably did involve the violation of a constitutional right, however, then Defendants contend that the suspension and termination of Plaintiff were objectively reasonable in light of all the circumstances surrounding Plaintiff's suspension and termination, including the at-will employment relationship between the Plaintiff and the City.

WHEREFORE, PREMISES CONSIDERED, Defendants **CITY OF SULLIVAN CITY, TEXAS** and **GUMARO FLORES**, *Individually and in his official capacity as Mayor of the City of Sullivan City*, **REYNALDO RUIZ**, *Individually and in his official capacity as a Commissioner of the City of Sullivan City*, **FROILAN RAMIREZ**, *Individually and in his official capacity as a Commissioner of the City of Sullivan City*, and **ROLANDO GONZALEZ**, *Individually and in his official capacity as City Manager of the City of Sullivan City*, would respectfully request that the Court set this matter for hearing and dismiss each of these claims on

which Plaintiff has failed to state a cause of action on which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for such other and further relief to which Defendants may show themselves to be justly entitled, at law and in equity.

---

## FIRST AMENDED MOTION FOR MORE DEFINITE STATEMENT

---

### IV.

Without waiving the foregoing Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and in the alternative thereto, if this Court should find that Plaintiff has stated a claim upon which relief may be granted, in whole or in part, then Defendants would request that this Court order Plaintiff to amend his Original Complaint, pursuant to Federal Rule of Civil Procedure 12(e), to more specifically define the following matters:

1.   To identify any speech he allegedly made, for which his rights were allegedly violated, including the date of such speech, the person to whom it was communicated, the content of such speech, and how he alleges Defendants knew about or were made aware of such speech.

2.   To identify the legal and factual basis on which he believes he had a property right to continued employment.

3.   To identify the process to which he believes he was entitled, including identifying any and all hearings to which he believes he was entitled, with reference to the City's policy or procedure that would establish entitlement to such hearing, and how and when he requested such hearings.

4.   To identify the rights guaranteed under the Constitution which he believes were violated.

5.   To identify how each Defendant allegedly violated his alleged liberty interest, including identifying which actions he alleges were engaged in by each Defendant, and what actions he took to protect his rights.

6. To identify how he may maintain a cause of action under the Texas Whistleblower's Act against the individual Defendant herein.

7. To identify how he may maintain a cause of action against Sullivan City for defamation, conspiracy and intentional infliction of emotional distress, notwithstanding the restrictions of TEXAS CIVIL PRACTICE & REMEDIES CODE § 101.057.

8. To identify any allegedly defamatory statement made by each individual Defendant, including the date such statements were made, to whom they were made and the text of such statements.

9. To identify how he may maintain a cause of action for intentional infliction of emotional distress, including identifying any allegedly extreme and outrageous conduct engaged in by each Defendant, and how the emotional distress he allegedly suffered was severe.

10. To identify how he may maintain an action for civil conspiracy, including how these Defendants had a meeting of the minds, and identify the unlawful, overt acts allegedly committed by these Defendants.

11. To identify how Plaintiff may recover exemplary damages from Defendant Sullivan City, notwithstanding the restrictions of TEXAS CIVIL PRACTICE & REMEDIES CODE § 101.024 and applicable case law.

12. To identify any facts that would establish a basis for the recovery of exemplary damages from Defendants Flores, Ruiz, Ramirez and Gonzalez individually.

13. To identify how he would be entitled to a recovery of expert's and paralegal's fees herein, notwithstanding the restrictions of 42 U.S.C. § 1988(c).

14. To identify how Defendants Flores, Ruiz, Ramirez and Gonzalez, individually, would not be entitled to the defense of qualified or official immunity, including how each Defendant allegedly violated a clearly established constitutional right of which a reasonable person would have known.

WHEREFORE, PREMISES CONSIDERED, Defendants **CITY OF SULLIVAN CITY, TEXAS** and **GUMARO FLORES**, *Individually and in his official capacity as Mayor of the City of Sullivan City*, **REYNALDO RUIZ**, *Individually and in his official capacity as a Commissioner of the City of Sullivan City*, **FROILAN RAMIREZ**, *Individually and in his official capacity as a Commissioner of the City of Sullivan City*, and **ROLANDO GONZALEZ**,

*Individually and in his official capacity as City Manager of the City of Sullivan City*, request that the Court require Plaintiff to amend his Original Complaint consistent with Defendants' First Amended Motion for More Definite Statement, and that Defendants be granted such other and further relief to which they may show themselves to be justly entitled, at law and in equity.

## FIRST AMENDED MOTION TO STAY DISCOVERY

### V.

Because Plaintiff has stated no cognizable basis for liability as against the individual Defendants, **GUMARO FLORES, REYNALDO RUIZ, FROILAN RAMIREZ**, and **ROLANDO GONZALEZ**, would request that all discovery be stayed in this action pending resolution of their claims of entitlement to qualified immunity. Defendants Flores, Ruiz, Ramirez, and Gonzalez assert that they are entitled to dismissal of all claims against them because Plaintiff has failed to allege the violation of clearly established law of which a reasonable person would have known that was allegedly committed by any of them. The Supreme Court has held that individual Defendants such as **GUMARO FLORES, REYNALDO RUIZ, FROILAN RAMIREZ**, and **ROLANDO GONZALEZ** are entitled to dismissal before commencement of any discovery, particularly because such immunity is effectively lost if the claim to which it applies is erroneously permitted to go to trial. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 2816 (1985). Defendants **GUMARO FLORES, REYNALDO RUIZ, FROILAN RAMIREZ**, and **ROLANDO GONZALEZ** are entitled to an order staying all discovery, because to allow discovery to go forward on issues other than those related to their claims of immunity would effectively deny the individual Defendants the benefit of qualified immunity. *Wicks v. Mississippi*

*State Empl. Services*, 41 F.3d 991, 994-95 (5th Cir. 1985).  Although Defendants assert that they are entitled to dismissal of all claims against them, based on their entitlement to qualified immunity herein, some discovery may be necessary to resolve the issue of Plaintiff's claims pursuant to 42 U.S.C. § 1983.  Defendants would ask, however, that any such discovery be limited to the resolution of the issue of their entitlement to immunity.

WHEREFORE, PREMISES CONSIDERED, Defendants **GUMARO FLORES**, **REYNALDO RUIZ**, **FROILAN RAMIREZ**, and **ROLANDO GONZALEZ** would respectfully request that this Court order that all discovery in this action be stayed, other than discovery relating to the issue of his entitlement to qualified immunity, until such time as that issue has been resolved, and for such other and further relief to which this Defendants may show themselves to be justly entitled, at law and in equity.

Signed on this the 24th of March, 2004.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone      : (956) 504-1100
Facsimile      : (956) 504-1408


By: _____
J. Arnold Aguilar
State Bar No. 00936270
Federal Adm. No. 6822

John J. Jordan, Jr.
State Bar No. 00796852
Federal Adm. No. 21304

Attorney for Defendants,
**CITY OF SULLIVAN CITY** and **GUMARO**
**FLORES, REYNALDO RUIZ, FROILAN**
**RAMIREZ,** and **ROLANDO GONZALEZ**

## CERTIFICATE OF CONFERENCE

I, John J. Jordan Jr., hereby certify that on the 23rd day of March, 2004, I conferred with counsel for Plaintiff regarding Defendants' Motion to Transfer Venue, Motion to Stay Discovery and Motion for More Definite Statement, and he is opposed to the motions.

_____
John J. Jordan Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS' FIRST AMENDED MOTION TO TRANSFER VENUE, FIRST AMENDED MOTION TO DISMISS, FIRST AMENDED MOTION FOR MORE DEFINITE STATEMENT and FIRST AMENDED MOTION TO STAY DISCOVERY** has on this the 24th day of March, 2004, been forwarded via certified mail, return receipt requested to:

Mr. Frank J. Zabarte
SANCHEZ, WHITTINGTON, JANIS & ZABARTE
100 N. Expressway 83
Brownsville, TX 78521-2284

Mr. Miguel Salinas
LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Road
Brownsville, TX 78521

_____
John J. Jordan Jr.