IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 9 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARIO ALANIZ, JR. § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | |
| THE CITY OF SULLIVAN CITY, TEXAS § | |
| GUMARO FLORES, In His Individual and § | CIVIL ACTION NO. B-04-040 |
| Official Capacity as Mayor of Sullivan City, § | |
| REYNALDO RUIZ and § | JURY DEMANDED |
| FROILAN RAMIREZ, In their Individual § | |
| and Official Capacities as Commissioners § | |
| and ROLANDO GONZALEZ, In His § | |
| Individual and Official Capacity as § | |
| City Manager § | |
| Defendants. | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OD SAID COURT:

COMES NOW Plaintiff Mario Alaniz and herewith responds to Defendant's Motion to Transfer Venue as follows:

I.

### Since Venue is proper in the Southern District, the Rules for Inter-Division Transfers are Stricken

Defendants concede that they reside within the Southern District of Texas. The McAllen and Brownsville divisions are both within the Southern District of Texas, located approximately fifty to sixty miles apart; from each other. Venue was and is proper in the Southern District of Texas. Defendants' motion seeks an intra-district, inter-division transfer from Brownsville to McAllen.

However, in support, it cites inter-district venue laws, and thus proposes a more liberal standard for transfer within districts (not the case here). When parties seek an inter-division transfer a stricter application of the standard applies. As set forth in Williams v. Hoyt, 372 F. Supp. 1314 (E.D. Tex. 1974), "...[I]f §1393 [replead and replaced by § 1404 in 1988] does not govern this civil action, then it is not governed by any division status whatsoever, and may be brought by any division of this district ..." *Id.* 1317. Plaintiff should, therefore, be allowed to bring suit in any division of the district, including Brownsville.

II.

**Plaintiff's Choice of Forum should not be Disturbed**

Plaintiff's choice of forum is not only "highly esteemed," but it should not be disturbed if valid. Gulf Oil v. Gilbert, 330 U.S. 501, 508-09, 91 L. Ed. 1055, 67 S. Ct. 839 (1947); Mendez Rodriguez v. Pan Am Life Ins., 311 F. 2d 429, 434 (5th Cir. 1965), vacated on other grounds, 376 U.S. 779 (1965). Plaintiff's form selection is generally observed Mendez at 434. Moreover, when a party urges a transfer of venue, that party must establish by more than preponderance of the evidence that the balance of the factors to be considered point to transfer being necessary. Sandavik, Inc. v. Continental Inc. Co., 724 F. Supp. 303 (D. N. J. 1989). In fact, where the chosen forum (the Southern District of Texas) is the most convenient and natural one available, the moving party has the very substantial burden of proof to overcome before transfer should be granted. Butterick Co. v. Will, 316 F.2d 111 (7th Cir. 1963).

III.

**Defendants Rely on and Intra-District Transfer Case**

Defendants reliance on the Horseshoe Entertainment, 337 F.3d 429 (5th Cir.), cert. denied S. Ct. 826 (2003), is distinguished for various reasons. That case was one which the court needed to

decided whether venue was more proper in the Middle District of Louisiana or the Western District of Louisiana. In other words, it was not an intra-district venue case. Most important, however, the Court pointed out that the Middle District court is more than 200 miles and beyond the 100 miles distance in which the automatic subpoena power of the district court could used to compel the attendance of witnesses. *Id* at 431. This is not the case here. In a similar case, District Judge Kent, noted that it was preposterous for Defendants to suggest that the witnesses would be less inconvenienced when the proposed transferee court was less than 50 miles away. <u>Chretien v. Home Depot, U.S.A., Inc.</u>, 169 F. Supp. 2d 670, 674 (S.D. Texas, 2001).

IV.

**<u>Defendants Provide no summary or List of Key Witnesses</u>**

At an absolute minimum, Defendant must identify key witnesses and provide a brief summary of their testimony in an effort to demonstrate to the Court why it would be inconvenient for them to testify in Brownsville Id. at 673. <u>Le Bouef vs. Gulf Operating, Inc.</u> 20 F. Supp 2d 1057, 1060 (S.D. 1998). Without a comprehensive summary of the testimony (excluding testimony of the parties themselves) it is impossible for the Court to determine if the witnesses' appearances are necessary for trial. Furthermore, it is impossible to know whether the witnesses are "key witnesses" since witnesses that are involved as employees of Defendants are not key witnesses because the parties will be able to compel their testimony at trial. <u>Chretien</u> at 674. In any event, no such list has been offered by Defendants.

V.

**<u>Prejudice to Plaintiff if Transfer Occurs</u>**

Most important, prejudice to Plaintiff would occur should the case be transferred to the McAllen Division. As the pleadings in the case point out, the Mayor, one of the Defendants in this

case, and his family are very politically influential. He is very well connected to Hidalgo County Politics, politicians and possibly jurors. One of the convenience factors which the Court should weigh is the prejudice to Plaintiff if a transfer is granted. Horseshoe, at 434. See also, Van Dusen v. Barrack 376 U.S. 612, 662, 84 S. Ct. 805, 812, 11 L.Ed.2d 945 (1964) stating that with respond to Section 1404 (a), it is intended that such motions to transfer are to be decided by "individualized case-by-case consideration of convenience and **fairness**." Fairness for Plaintiff will be very difficult to ensure in the McAllen Division, as stated above and also stated in the affidavit of Mario Alaniz attached hereto and incorporated herein by reference.

VI.

**The Court, in its Discretion, Should Weigh Factors Supporting Plaintiff's Choice of Forum**

In a similar case, wherein the parties were fighting for venue between the Houston Division or the Galveston Division of the Southern District of Texas, the Court held that inconvenience of the parties was not so great as to be disturbed Plaintiff's choice of forum. Chretien vs. Home Depot, U.S.A., Inc. 159 F. Supp. 2d 670 (S.D. Texas, 2001). Though it is discretionary upon the Court to determine the appropriate venue, the Plaintiff's choice of forum, along with other facts, such as that the difference between McAllen and Brownsville is a very little one and Plaintiff could be greatly prejudiced by trial of the case in the McAllen Division, weigh in favor of Plaintiff's choice of forum.

WHEREFORE, Plaintiff requests that the Court deny Defendants Motion to Transfer Venue, and request that the Court grant Plaintiff such other and further relief at law and in equity to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
Telephone: (956) 546-3731
Telefax: (956) 546-3766

By: _____
Francisco J. Zabarte
State Bar No. 22235300
Federal I.D. No. 10747

Miguel Salinas
State Bar No. 17534750
Federal I.D. No. 15171
Law Office of Miguel Salinas
803 Old Port Isabel Road
Brownsville, Texas 78521
Telephone: (956) 550-1115
Telefax: (956) 550-1134
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion has on the 29th -day of April, 2004, been forwarded via certified mail, return receipt requested to:

Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Blvd.
Brownsville, Texas 78520

_____
Francisco J. Zabarte

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | AFFIDAVIT |
| COUNTY OF CAMERON | § | |

Before me the undersigned authority on this day personally appeared Mario Alaniz whose is personally know to me to be and first being duly worn according to law upon his oath sworn to the facts stated herein as true and correct:

My name is Mario Alaniz. I am over the age of 18 and I am fully competent to make this affidavit. I am the Plaintiff herein. I believe that if my case is transferred to the McAllen Division I will be prejudiced there. As the pleadings in the case point out, the Mayor, one of the Defendants, and his family, are very politically influential. He prides himself on that. He is very well known in Hidalgo County by politicians, judges and persons, including jurors. In fact, the Mayor has told me that nothing would happen to him in Hidalgo County, implying he was above the law. He boasted several times of a case during one of his past elections wherein persons complained of his improprieties; but because of his political connections, he simply sat on the witness stand, laughed, and the charges were dropped against him. Fairness for me with respect to my claims will be very difficult to ensure in the McAllen Division because of the Mayor's political connections. Also the Mayor's son, Representative Kino Flores, has been and can continue to assert prejudice toward my claims.

FURTHER AFFIANT SAITH NOT.

MARIO ALANIZ

SWORN TO AND SUBSCRIBED TO before me, a Notary Public, on this 27 day of April, 2004.

Notary Public, State of Texas



YESENIA MARTINEZ
MY COMMISSION EXPIRES
September 18, 2005