19

## Civil Courtroom Minutes

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Nicolas   ■ Levesque |
| DATE | 07 / 26 / 04 |
| TIME | a.m. — a.m. / 2:33 p.m. — 2:58 p.m. |
| CIVIL ACTION | B - 04 - 40 |
| STYLE | MARIO ALANIZ, JR. *versus* THE CITY OF SULLIVAN CITY, TEXAS, et al |



United States District Court
Southern District of Texas
FILED

JUL 26 2004

Michael N. Milby, Clerk of Court

DOCKET ENTRY

(HGT)  ■Initial Pre-Trial Hearing;          (Court Reporter: Heather Hall)

Attorney(s) for Plaintiff(s):     Miguel Salinas
Attorney(s) for Defendant(s):  John Jordan, Jr.

- Pl will be adding an individual Pl, which is the individual who delivered complaints to the DA's office–will be filed soon.
- If discovery is not stayed, Pl wishes the Court to either deny the motion to dismiss or to dismiss w/o prejudice.
- But, for state intentional infliction of emotional distress claims, there has been subsequent behavior since Pl's termination that has contributed to the claim.
- Defamation and intentional infliction of emotional distress is against the individuals only
- If the Court orders Pl to file a Rule 7(a) reply give them 75 days from today (Oct. 12th)
- Whistleblower claims: Def argued Pl failed to allege an actual law was broken, Pl argues Chief had a subjective belief the law was being violated, but he does not have to plead an actual law.  Def argued that even if there is a subjective belief, still must have a specific statute/law that was violated.
- Pl stated he learned through third parties present in an executive session meeting what that Mayor stated Pl was stealing evidence and doing illegal drugs.  Pl asked for an open hearing, then he was terminated.
- Parties reiterated their arguments for the Motion to Transfer Venue and the Response.

*Ruling:  The Court will take Deft's Motion to Transfer Venue (to the McAllen Division) under advisement.*