United States District Court
Southern District of Texas
FILED

MAR 0 3 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIO ALANIZ, et al | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. |
| | § | |
| THE CITY OF SULLIVAN CITY, TEXAS, | § | B - 04 - 040 |
| TEXAS, GUMARO FLORES, in his and | § | |
| Official Capacity as Mayor of Sullivan | § | |
| City, REYNALDO RUIZ and FROILAN | § | |
| RAMIREZ, in their Individual and Official | § | |
| Capacities as Commissioners and ROLANDO | § | |
| GONZALEZ, in his Individual and Official | § | |
| Capacity as City Manager | § | |

---

## DEFENDANTS' MOTION TO DISMISS CLAIMS OF
## PLAINTIFF BLAS GONZALEZ

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the **CITY OF SULLIVAN CITY, TEXAS** and **GUMARO FLORES**,

*Individually and in his official capacity as Mayor of the City of Sullivan City*, **REYNALDO RUIZ**,

*Individually and in his official capacity as a Commissioner of the City of Sullivan City*, **FROILAN**

**RAMIREZ**, *Individually and in his official capacity as a Commissioner of the City of Sullivan City*,

and **ROLANDO GONZALEZ**, *Individually and in his official capacity as City Manager of the*

*City of Sullivan City*, Defendants herein, and file this their Motion to Dismiss for failure to state a

claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and

for cause would respectfully show unto the Court the following:

## I.

## RELEVANT PROCEDURAL HISTORY

On August 4, 2004, this Court issued an order regarding Defendants' Rule 12b(6) Motion to Dismiss the claims of Plaintiff Mario Alaniz, Jr.  Subsequent to this Court's order, Plaintiff Alaniz amended his pleadings, to add the claims asserted by Plaintiff Blas Gonzalez against all Defendants. Plaintiff Alaniz merely reiterated his earlier claims, some of which this Court had already dismissed. *See* this Court's August 9, 2004 Order.  Plaintiff Blas Gonzalez asserted the same claims, as had been previously asserted by Plaintiff Alaniz based on similar, if not the same, factual allegations. Because this Court has already ruled on Defendants' Motion to Dismiss the claims of Plaintiff Alaniz, Defendants will not address those claims.  Defendants now submit this their Motion to Dismiss the claims of Blas Gonzalez based on the same arguments that this Court previously addressed in its August 4, 2004 order regarding the claims of Plaintiff Alaniz.

Defendants at this time do not move to dismiss Plaintiff Blas Gonzalez' U.S. Constitutional Free Speech claims asserted against all Defendants or his state law Whistleblower's Act claim asserted against the City.

## II.

## SUMMARY OF MOTION TO DISMISS

Plaintiff Blas Gonzalez was an at-will employee of Defendant Sullivan City, Texas.  He alleges that he was terminated in violation of his right to free speech, that he had a protected due process property interest in his continued employment, that he had a protected liberty interest in his reputation, that Defendants violated the Texas Whistleblower's Act, and that Defendants defamed him, intentionally inflicted emotional distress on him, and engaged in a civil conspiracy to violate

his rights, for which he claims he is entitled to actual damages, exemplary damages, and attorney's, paralegal's and expert's fees.

As an at-will employee, Plaintiff Gonzalez did not have a protected property right in his continued employment, and he did not have any right to a due process hearing before or after his termination. Plaintiff has also not identified any facts that would establish the elements of a liberty interest claim. The individual Defendants are immune from any claims under the Whistleblower's Act, because it applies only to employing governmental entities, and not to individuals. Plaintiff has also not identified any allegedly defamatory statements made by Defendants for his slander claim. The allegations raised by Plaintiff in his intentional infliction of emotional distress claim do not rise to the level of extreme and outrageous conduct, and Plaintiff has not identified how he suffered any severe emotional distress, necessary to establish that claim. Plaintiff's intentional tort claims of defamation, conspiracy and intentional infliction of emotional distress are also barred by sovereign immunity as against Sullivan City. Because Plaintiff has identified no basis for his civil conspiracy claims, those claims should also be dismissed. Defendant Sullivan City is immune from Plaintiff's exemplary damage claims, and he has failed to identify any basis for recovery of exemplary damages against the individual Defendants herein, or any basis for the recovery of expert's or paralegal's fees herein. The individual Defendants are also entitled to dismissal based on their qualified immunity for all acts alleged.

## III.

## FACTUAL ALLEGATIONS

Plaintiff Blas Gonzalez, Jr., is a former employee for the Sullivan City Police Department. Plaintiffs allege in their First Amended Complaint that Mayor Gumaro Flores ordered officers to conduct traffic stops and issue citations to the Mayor's political opponents and that he ordered

officers to alter issued citations to warnings for political allies. (Pls.' First Amend Compl. ¶ 3.4.)
Plaintiff Blas Gonzalez also contends that he brought the Mayor's allegedly wrongful conduct to the
attention of the Hidalgo County District Attorney's Office and the Hidalgo County Sheriff's Office.
(Pls.' First Amend Compl. ¶¶ 3.6 - 3.8.)    Plaintiff alleges that he was thereafter terminated after
his position had been eliminated. (Pls.' First Amend Compl. ¶ 3.16 – 3.18.)    Although Plaintiff
alleges he requested an administrative hearing to grieve his termination, he does not identify any
City policies or procedures that would entitle him to any hearing. (Pls.' First Amend Compl. ¶
3.20.) Plaintiff also does not identify how or when he requested a name clearing hearing.

**IV.**

**LEGAL ANALYSIS**

**A.**    **Fourteenth Amendment Due Process**

Plaintiff does not specify in what manner he is claiming a pre- or post-termination due
process violation; instead, he only alleges generally that his due process rights were violated when
he was given neither.    In order to have a right to due process in an employment setting, the
employee must establish that he has a property interest in his employment, which is a legitimate
right to continued employment. *See McDonald v. City of Corinth*, 102 F.3d 152, 155 (5th Cir.
1996).    State law determines whether a Plaintiff has a property interest in employment.    *Id.*    In
Texas, an at-will employment state, an employee must demonstrate the existence of some form of
an employment contract in order to establish a property right in his employment. *Shultea v. Wood*,
47 F.3d 1427, 1429 (5th Cir. 1995).

"To succeed with a claim based on substantive due process in the public employment
context, the Plaintiff must show two things: (1) that he had a property interest/right in his
employment, and (2) that the public employer's termination of that interest was arbitrary or

capricious." *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993). "[P]rocedural due process is a positivist notion, designed to protect property interests, existing not by force of the due process clause itself, but established by reference to some independent source, such as state law or contract." *Martin v. Memorial Hosp. at Gulfport*, 130 F.3d 1143, 1147 (5th Cir. 1997)(citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). Because Plaintiff has not alleged any basis for a property interest in his continued employment, he cannot establish any claim for violation of his procedural or substantive due process rights.

Plaintiff has not alleged the existence of any employment contract, and no such contract exists. Plaintiff was an at-will employee, with no property right to his continued employment. In addition, Defendant Sullivan City had no policies or procedures that would even arguably entitle Plaintiff to any form of pre – or post – termination hearing. Without any such property right, Plaintiff was not entitled to any due process hearing prior to or after the termination of his employment. Accordingly, Plaintiff's due process claim against Sullivan City should be dismissed in its entirety.

Because Plaintiff Gonzalez did not have any right to due process from Sullivan City, he derivatively had no such right from the individual Defendants, because he had no property right of which they could deprive him either. *See Moulton v. City of Beaumont*, 991 F.2d 227 (5th Cir. 1993). In addition, because Plaintiff did not have an independent employment relationship with the individual Defendants, they could not have deprived Plaintiff of any right to due process. A right to due process in an employment setting applies only between an employee and his employer. Accordingly, the individual Defendants could not have deprived Plaintiff of any due process. Because Plaintiff did not have a property right to continued employment, he may not now maintain

a claim for deprivation of due process from either Defendant Sullivan City or Defendants Flores, Ruiz, Ramirez or Gonzalez individually.

Plaintiff also alleges Defendants "denied the Plaintiff due process for his protected liberty interest." (Pls.' First Amend Compl. ¶ 4.3.)   The only legal basis for asserting a claim of deprivation of a liberty interest would necessarily have to arise in the denial of an opportunity to rebut allegedly false charges against him.   To the extent that Plaintiff is alleging such a claim against these Defendants, however, he must first establish that the:

> charges against him were raised to such a level that they created a 'badge of infamy' which destroys the claimant's ability to take advantage of other employment opportunities.   Additionally, the claims must be false and the claimant must show that damage to his reputation and employment opportunities has in fact occurred.

*Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 877-78 (5th Cir. 1991).

Plaintiff has not identified how any of the Defendants asserted any charges against him, how the charges against him created a "badge of infamy," how the charges against him were false, how his reputation was damaged, how any employment opportunities have been denied, or that he requested a name clearing hearing. Accordingly, he has not stated a claim for the denial of any liberty interest, or any right to due process, and such claims should therefore be dismissed.

**B.    <u>Federal Conspiracy Claims</u>**

Plaintiff makes a nebulous, general claim of conspiracy under 42 U.S.C. § 1985. Although it is unclear under which part of § 1985 Plaintiff seeks redress, no part is applicable to this case.  Section 1985(1) is not applicable to state officials because that part of the statute was enacted solely to apply "in cases of interference with federal officials in the performance of their duties." *Benningfield v. City of Houston*, 157 F.3d 369, 378-79 (5th Cir. 1998).  Because neither

Plaintiff nor Defendants are federal officials, Plaintiff's allegations fail to state a claim under § 1985(1). *Id*. To recover under § 1985(2), Plaintiff must allege that he was injured as a result of having to attend or testify in a *federal court proceeding*. *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 758 (5th Cir. 1987). Plaintiff has not alleged any nexus between any alleged conspiracy and a proceeding in federal court. *Id*. Claims under § 1985(3) require an allegation of conspiracy motivated by "'class-based invidiously discriminatory animus.'" *Burns-Toole v. Byrne*, 11 F.3d 1270, 1276 n.25 (5th Cir. 1994)(quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798 (1971)). Plaintiff has also not alleged that he was discriminated against because of his race, nor has he identified any class to which he allegedly belonged. Therefore, under no set of facts alleged by Plaintiff does he assert a viable § 1985 claim, and this Court should dismiss those claims.

## C.   Texas Whistleblower's Act

The Texas Whistleblower's Act authorizes suits by a public employee against his employing state or local governmental entity for violation of the Act. TEX.GOVT CODE § 554.0035. The Texas Whistleblower's Act does not provide any private right of action against a supervisor or co-worker, however. *Thompson v. City of Arlington*, 838 F.Supp. 1137 (N.D. Tex. 1993). *See also, Blas Gonzalez v. Williams*, 1998 WL 341292, p.2. (Tex. App.- San Antonio, March 31, 1998, n.w.h.). Because the Whistleblower's Act does not allow for claims against individuals, Defendants Gumaro Flores, Reynaldo Ruiz, Froilan Ramirez and Rolando Gonzalez are entitled to dismissal of this claim. Accordingly, Plaintiff's Whistleblower's Act claims asserted against the individuals should be dismissed.

**D.**    **Defamation**

"Slander is a defamatory statement that is orally communicated or published to a third person without legal excuse." ***Randall's Food Markets, Inc. v. Johnson***, 891 S.W.2d 640, 646 (Tex. 1995). It should be noted, however, that "an employer has a conditional or qualified privilege that attaches to communications made in the course of an investigation following a report of employee wrongdoing." *Id.* "[T]ruth is an affirmative defense to slander." *Id.*; ***Town of South Padre Island v. Jacobs***, 736 S.W.2d 134, 140 (Tex. App.- Corpus Christi 1986, writ denied). In addition, Texas does not recognize the tort of false light invasion of privacy. ***Cain v. Hearst Corp.***, 878 S.W.2d 577 (Tex. 1994).

Plaintiff sues Defendants for the alleged publication of false and non-privileged statements to third persons, yet he fails to identify any such alleged statements, when the statements were published or how they were not true. Because Plaintiff has identified no actual statements that were allegedly made by any of these Defendants, including to whom and when they were made, Plaintiff cannot establish a cause of action for defamation against these Defendants.

In addition, the Texas Tort Claims Act does not authorize any claims of intentional torts against Defendant Sullivan City. TEX. CIV. PRAC. & REM. CODE § 101.057(2). Because the Tort Claims Act does not waive the City's immunity for claims of intentional torts such as defamation, the City retains its sovereign immunity from this claim. ***Delaney v. University of Houston***, 835 S.W. 2d 56, 59 (Tex. 1992); ***City of Hempstead v. Kmiec***, 902 S.W. 2d 118, 122 (Tex. App.- Houston [1st Dist.] 1995, no writ). Accordingly, Plaintiff's claim of defamation against these Defendants should be dismissed.

**E.    Intentional Infliction of Emotional Distress**

In order for Plaintiff to establish his claim of intentional infliction of emotional distress, he must prove "(1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the emotional distress suffered by the plaintiff was severe." *Twyman v. Twyman*, 855 S.W. 2d 619, 621 (Tex. 1993). In addition, "liability for outrageous conduct should be found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting RESTATEMENT (SECOND) OF TORTS § 46, comment d(1965)).

Plaintiff has not identified any action or conduct allegedly engaged in by any of these Defendants that would constitute extreme or outrageous conduct, nor has he alleged any emotional distress suffered by him that rose to the level of severity necessary to establish this cause of action. Without even an allegation that his claim rose to the level necessary to establish an intentional infliction claim, that claim must be dismissed.

In addition, to the extent Plaintiff is alleging a cause of action for intentional infliction of emotional distress as against Sullivan City, by definition that claim is an intentional tort and cannot survive. TEX. CIV. PRAC. & REM. CODE § 101.057(2); *Delaney v. University of Houston*, 835 S.W. 2d at 59; *City of Hempstead v. Kmiec*, 902 S.W. 2d at 122. Accordingly, Plaintiff's claim of intentional infliction of emotional distress should be dismissed in its entirety.

**F.    State Law Civil Conspiracy**

Plaintiff alleges only generally that the Defendants violated state law and Plaintiff's alleged property rights, thereby somehow establishing his claim for civil conspiracy. Plaintiff does not identify any alleged state law violation, however, particularly in light of the fact that he did not have

any property right to his continued employment, as set out above. Even to the extent that he could establish some alleged property right, he does not allege or establish how any of the Defendants violated state law in depriving him of any alleged property rights.

"An actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Massey v. Armco Steel Co.*, 652 S.W. 2d 932, 934 (Tex. 1983). It requires Plaintiff to provide evidence of "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Id.* Plaintiff has neither alleged nor provided any evidence to establish any meeting of the minds or any unlawful, overt acts. Nor has Plaintiff identified any actors that were not already a part of Defendant Sullivan City. As a general rule, a corporation or organization cannot conspire with itself, particularly where Plaintiff alleges the individual Defendants were acting in their official capacities. *See Vasko v. Chase Manhattan Bank, N.A.*, 909 S.W. 2d 95, 100 n.7 (Tex. App - Houston [14th Dist.] 1995, writ denied). Accordingly, Plaintiff's state law claim of civil conspiracy should be dismissed.

In addition, to the extent Plaintiff is alleging a cause of action for civil conspiracy against Sullivan City, that intentional tort claim cannot lie. TEX. CIV. PRAC. & REM. CODE § 101.057(2)(no waiver of immunity for intentional torts); *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 617 (Tex. 1996)(civil conspiracy is an intentional tort). Accordingly, Plaintiff's civil conspiracy claims should be dismissed in their entirety.

## G.    Exemplary Damages

Plaintiff may only recover exemplary damages under § 1983 if he establishes that the official conduct in question was motivated by evil intent or demonstrates reckless or callous indifference to constitutional rights. *Brown v. Bryan County*, 67 F.3d 1174, 1181 (5th Cir. 1995);

*Thompkins v. Belt*, 828 F.2d 298, 301 (5th Cir. 1987). Under state law, Plaintiff can recover punitive damages only on a showing of malice or fraud. TEX. CIV. PRAC & REM. CODE § 41.003 (Vernon 1997). Plaintiff's Original Complaint does not contain any statements meeting either of these standards, and Defendants' conduct described in Plaintiff's Original Complaint does not rise to the level of egregious conduct for which Defendants could be subject to a punitive damages award. In addition, to the extent Plaintiff Gonzalez is asserting this claim against the City, exemplary damages may not be awarded against Defendant Sullivan City because sovereign immunity precludes these claims. *Newport v. Fact Concerts, Inc.*, 453 US 247, 259, 101 S.Ct. 2748, 2756, 69 L.Ed.2d 616, 627 (1981); TEX. CIV. PRAC. & REM. CODE § 101.024; *City of La Porte v. Barfield*, 898 S.W. 2d 288, 299 (Tex. 1995). Therefore, Plaintiff's claim for exemplary damages should be dismissed.

**H.    Expert's and Paralegal's Fees**

Plaintiff seeks the recovery of fees for any experts and paralegals he may retain in this action, pursuant to 42 U.S.C. § 1988. Under certain circumstances, § 1988 allows for the recovery of expert fees for an action brought pursuant to 42 U.S.C. § 1981 or § 1981a. Plaintiff does not seek recovery under either of those sections, however. Plaintiff also does not identify any authority to recover a paralegal's fees. Accordingly, his claim for recovery of expert's and paralegal's fees should be dismissed.

**I.    Qualified Immunity**

There is a presumption that individual Defendants are entitled to federal qualified immunity. To establish that individual Defendants Gumaro Flores, Reynaldo Ruiz, Froilan Ramirez and Rolando Gonzalez are *not* entitled to qualified immunity, the Plaintiff must satisfy a three-pronged test. First, he must allege facts that assert a violation of a constitutional right. Second, he must

show that this right was clearly established at the time of the Defendants' actions, and third he must show that the Defendants' actions were objectively unreasonable. *Eugene v. Alief Independent School Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995). Even if Defendants' conduct infringed upon a constitutional right of the Plaintiff, qualified immunity will shield each Defendant if his conduct was objectively reasonable. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998). Plaintiff has not alleged the violation of a clearly established right of which the individual Defendants would reasonably have known. If this Court finds that Plaintiff's termination arguably did involve the violation of a constitutional right, however, then Defendants contend that the termination of Plaintiff was objectively reasonable in light of all the circumstances surrounding Plaintiff's termination, including the at-will employment relationship between the Plaintiff and the City.

WHEREFORE, PREMISES CONSIDERED, Defendants **CITY OF SULLIVAN CITY, TEXAS** and **GUMARO FLORES**, *Individually and in his official capacity as Mayor of the City of Sullivan City*, **REYNALDO RUIZ**, *Individually and in his official capacity as a Commissioner of the City of Sullivan City*, **FROILAN RAMIREZ**, *Individually and in his official capacity as a Commissioner of the City of Sullivan City*, and **ROLANDO GONZALEZ**, *Individually and in his official capacity as City Manager of the City of Sullivan City*, would respectfully request that the Court set this matter for hearing and dismiss each of these claims on which Plaintiff has failed to state a cause of action on which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for such other and further relief to which Defendants may show themselves to be justly entitled, at law and in equity.

Signed on this the 3rd of March, 2005.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas  78520
Telephone     : (956) 504-1100
Facsimile      : (956) 504-1408

By: _____
J. Arnold Aguilar
State Bar No. 00936270
Federal Adm. No. 6822

John J. Jordan, Jr.
State Bar No. 00796852
Federal Adm. No. 21304

Attorneys for Defendants,
**CITY OF SULLIVAN CITY** and **GUMARO FLORES, REYNALDO RUIZ, FROILAN RAMIREZ, and ROLANDO GONZALEZ**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS' MOTION TO DISMISS CLAIMS OF PLAINTIFF BLAS GONZALEZ**, has on this the 3rd day of March, 2005, been forwarded via certified mail, return receipt requested to:

*Mr. Frank J. Zabarte*
SANCHEZ, WHITTINGTON, JANIS & ZABARTE
100 N. Expressway 83
Brownsville, TX 78521-2284

*Mr. Miguel Salinas*
LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Road
Brownsville, TX 78521

_____
John J. Jordan Jr.