United States District Court
Southern District of Texas
FILED

MAR 2 4 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARIO ALANIS § | |
| § | |
| § | CIVIL ACTION NO. B-04-040 |
| VS. § | |
| § | |
| THE CITY OF SULLIVAN CITY, TEXAS § | |
| GUMARO FLORES, In His Individual § | |
| and Official Capacity as Mayor of § | |
| Sullivan City, REYNALDO RUIZ and § | |
| FROILAN RAMIREZ, In their Individual § | |
| and Official Capacities as Commissioners § | |
| and ROLANDO GONZALEZ, in his Individual § | |
| and Official Capacity as City Manager § | |

PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST AMENDED
MOTION TO DISMISS, FIRST AMENDED MOTION FOR MORE DEFINITE
STATEMENT, AND FIRST AMENDED MOTION TO STAY DISCOVERY

COMES NOW, Plaintiff Blas Gonzalez and files Plaintiff's Response to Defendants' First Amended Motion to Dismiss, First Amended Motion for More Definite Statement, and First Amended Motion to Stay Discovery and in support would show the Court as follows:

A. INTRODUCTION

1. Plaintiff Blas Gonzalez sued Defendants on the basis he was terminated in violation of constitutional, statutory and common law.

2. On March 23, 2004, Defendants' filed its First Amended Motion to Transfer Venue, First Amended Motion to Dismiss, First Amended Motion for More Definite Statement, and First Amended Motion to Stay Discovery. Plaintiff's response to the Motion to Transfer Venue was addressed in a separate response. Plaintiff now files his response to Defendant's remaining motions.

B. ARGUMENT

a. Due Process Claim

3. Plaintiff sued Defendants in part, because he believes he was fired in violation of his Due Process rights. Defendants argue Plaintiff did not have a property interest in his employment. Specifically, Defendants claim Plaintiff must demonstrate the existence of some form of employment contract in order to establish a property right.

4. Most courts have held that public employment is a matter of status not contract. A quasi-contractual right in continued employment can be created when the employee has a reasonable expectation of continued employment. In this case, Plaintiff believed, based on representations made to him, he would only be fired for cause. In addition, there are specific police department policies which reference City Municipal Codes that provide for a pre-termination due process hearing

5. Once an employee establishes he has a property right in his employment, the deprivation of a constitutional protected interest is unconstitutional if the deprivation is without due process. *Zinermon v. Burch*, 494 U.S. 113 (1990).

6. In addition, the Fourteenth Amendment to the Constitution creates a liberty interest that means a public employer cannot subject an employee to an adverse employment action under stigmatizing circumstances without giving the employee an opportunity to clear his name. *Board of Regents of State College v. Roth*, 408 U.S. 564 (1972); *Arrington v. County of Dallas*, 970 F.2d 1441 (5th Cir. 1992). To support a claim for deprivation of the right to a name clearing hearing, an employee must establish that he is a public employee, was subjected to adverse employment action, that the charges were false, that a name clearing hearing was requested and that such hearing was denied. *Id.* at 1447.

7. In this case, statements were made that accused Plaintiff of being derelict in his duty and dishonesty. (See Paragraph 11). The Plaintiff, through his attorney, requested a hearing to learn the charges against him and to clear his name. The Plaintiff also showed up at the City Commission meeting on the day he was fired and asked for an opportunity to be heard; both requests were ignored. In this case, Plaintiff has properly alleged that his termination implicated his constitutional liberty interests and Defendant' motion should be denied.

b. Texas Whistleblower's Act

8. The Texas Whistleblower's Act provides that a public employee cannot be fired, suspended or otherwise have an adverse personnel action taken against them in retaliation for reporting a violation of law. Tex. Gov't Code Ann. § 554.001 et seq.

9. In the instant case, Defendant concedes Plaintiff has pled that Defendant Gumaro Flores ordered officers to conduct traffic stops and issue citations to the Mayor's opponents, and to fix the tickets for his political allies.

10. Despite the complaint, Defendant contends Plaintiff has failed to identify how "any of these actions would constitute a violation of law." Clearly the actions of the Mayor detailed above, could be construed as official oppression, misuse of public office, and interference with a peace officer in the furtherance of his duties, in addition to other violations of law. This discussion is irrelevant. The Texas Whistleblower's Act does not require an actual violation of law. Instead it requires that the employee who reported the violation believed that a violation of law is occurring, and that belief must be reasonable in light of the employee's experience and training. *Wichita County v. Hart*, 917 S.W.2d 779 (Tex 1996). In this case, Plaintiff objectively believed the Mayor was violating the law and has properly pled his Whistleblower's claim. Defendant's Motion to

Dismiss on this matter should be denied.

### c. Defamation, Intentional Infliction of Emotional Distress, Civil Conspiracy

11. After Plaintiff was fired, public officials made public statements that accused Plaintiff of stealing items from the City's evidence room (locker). Specifically statements were made that Plaintiff had stolen drugs and money from the Police Department. City officials also falsely claimed Plaintiff's computer had a pornographic website and there is reason to believe a pornographic website was downloaded onto Plaintiff's computer in order to smear his good name. Plaintiff will ask for leave of Court to amend his complaint and will include the defamatory statements and more details of the Intentional Infliction of Emotional Distress and Civil Conspiracy claims after further discovery is conducted or as the Court directs.

### d. Qualified Immunity

12. Plaintiff has properly pled a Fourteenth Amendment constitutional violation. Because Plaintiff has pled a violation of a clearly established right, and Defendants' actions were unreasonable, they may be liable under § 1983.

### e. Motion for More Definite Statement

13. Under Federal rules, a plaintiff is only required to plead sufficient information to outline the elements of his cause of his cause of action or to permit reasonable inferences to be drawn that these elements exist. *General Star Indemnity, Co. v. Vesta Fire Ins., Corp.*, 173 F.3d 946, 950 (5th Cir. 1999). It is Plaintiff's contention he has given Defendants fair notice of his claims, but will re-plead if the Court so directs.

### f. Motion to Stay Discovery

14. Plaintiff has pled a defamation, Intentional Infliction of Emotional Distress and conspiracy claim against the Defendant city officials. If the Defendants made defamatory statements, or engaged in a civil conspiracy against Plaintiff it may constitute an exception to the Qualified Immunity Doctrine. Plaintiff needs to conduct discovery to pursue and fully prosecute these claims. Plaintiff respectfully requests he be allowed to conduct discovery, and would ask this Motion to Stay Discovery be denied.

Respectfully submitted,
LAW OFFICE OF MIGUEL SALINAS

BY: *[signature]* /s/ permission
MIGUEL SALINAS
FEDERAL I.D. NO. 15171
STATE BAR NO. 17534750
803 Old Port Isabel Rd.
Brownsville, Texas 78521
956/550-1115 Telephone
956/550-1134 Telefax

*[signature]*
FRANCISCO J. ZABARTE
FEDERAL I.D. NO. 10747
STATE BAR NO. 22235300
Sanchez, Whittington, Janis
& Zabarte
100 North Expressway 83
Brownsville, Texas 78521
956/546-3731 Telephone
956/546-3766 Telefax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing copy of the Plaintiff's Response to Defendant's Motion to Dismiss, etc., was sent to the Defendant via hand delivery on this the 24th day of March, 2005 to:

J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Blvd.
Brownsville, Texas 78520


BY: _____
MIGUEL SALINAS