United States District Court
Southern District of Texas
FILED

APR 2 1 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIO ALANIZ, et al | § § | |
| VS. | § § | CIVIL ACTION NO. |
| THE CITY OF SULLIVAN CITY, TEXAS, TEXAS, GUMARO FLORES, in his and Official Capacity as Mayor of Sullivan City, REYNALDO RUIZ and FROILAN RAMIREZ, in their Individual and Official Capacities as Commissioners and ROLANDO GONZALEZ, in his Individual and Official Capacity as City Manager | § § § § § § § § § | B - 04 - 040 |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS CLAIMS OF BLAS GONZALEZ

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the **CITY OF SULLIVAN CITY, TEXAS** and **GUMARO FLORES**, *Individually and in his official capacity as Mayor of the City of Sullivan City*, **REYNALDO RUIZ**, *Individually and in his official capacity as a Commissioner of the City of Sullivan City*, **FROILAN RAMIREZ**, *Individually and in his official capacity as a Commissioner of the City of Sullivan City*, and **ROLANDO GONZALEZ**, *Individually and in his official capacity as City Manager of the City of Sullivan City*, Defendants, and file this their Reply to Plaintiffs' Response to Defendants' Motion to Dismiss Claims of Blas Gonzalez and would respectfully show unto the Court the following.

I.

PROCEDURAL HISTORY

Apparently, there appears to be some confusion regarding which motion to dismiss is currently before this Court. The motion before this Court is Defendants' Motion to Dismiss *Blas Gonzalez's* claims, which Mr. Gonzalez has asserted in Plaintiffs' Amended Complaint. The Court has already ruled on Defendants' Motion to Dismiss Plaintiff Alaniz' claims. When Plaintiff Mario Alaniz filed his Original Complaint, Blas Gonzalez was **not** a party to the lawsuit. Defendants filed their First Amended Motion to Transfer Venue, Motion to Dismiss, Motion for More Definite Statement, and Motion to Stay Discovery, only for claims filed by *Mario Alaniz* in his Original Complaint. This Court held a hearing on those motions and issued an order on August 4, 2004, addressing those motions. On August 5, Plaintiffs filed a Motion for Leave to file an Amended Complaint, which added Blas Gonzalez as a party and added his claims to the lawsuit, essentially mirroring Alaniz' claims, including claims that had been dismissed by this Court. This Court, on August 9, 2004, granted Plaintiffs' Motion for Leave, and Plaintiffs First Amended Complaint is now the live pleading before this Court.

In Plaintiffs' First Amended Complaint, Plaintiff Blas Gonzalez submitted his claims against Defendants for the first time. Subsequently, Defendants filed their Motion to Dismiss Blas Gonzalez' claims that were asserted for the first time in Plaintiffs' Amended Complaint.

II.

Plaintiff Gonzalez's Claims

Plaintiff's state law defamation claim fails to state a claim upon which relief could be granted because Plaintiff fails to identify any allegedly defamatory statements made by any Defendant. Rather, Plaintiff Gonzalez contends that he "has been told by officers and citizens that

certain [unnamed] persons **in the police department** have subsequently been spreading rumors about him in attempts to find out negative things about him." (Pls.' Amend. Compl. ¶ 3.22.) (emphasis added). Defendants are not members of the Police Department, and therefore Defendants could not be the persons allegedly spreading the rumors. Further, Plaintiff Gonzalez fails to specify how these nebulous rumors are defamatory in nature. Therefore, this Court should dismiss Plaintiff's defamation claims.

For the remainder of Plaintiff's claims, Defendants will rely on their argument and authorities submitted to this Court in their Motion to Dismiss Gonzalez's claims.

### III.

### Plaintiff Alaniz's Claims

In Plaintiffs' Amended Complaint, Plaintiff Alaniz reiterated all of his claims, including the claims that were dismissed by this Court in its August 4, 2004 order. Although, Plaintiff has reasserted those claims that were previously dismissed by this Court, Defendants will rely on this Court's August 4, 2004 order dismissing those claims.

WHEREFORE, PREMISES CONSIDERED, Defendants **CITY OF SULLIVAN CITY, TEXAS** and **GUMARO FLORES**, *Individually and in his official capacity as Mayor of the City of Sullivan City*, **REYNALDO RUIZ**, *Individually and in his official capacity as a Commissioner of the City of Sullivan City*, **FROILAN RAMIREZ**, *Individually and in his official capacity as a Commissioner of the City of Sullivan City*, and **ROLANDO GONZALEZ**, *Individually and in his official capacity as City Manager of the City of Sullivan City*, would respectfully request that the Court set this matter for hearing and dismiss each of these claims on which Plaintiff has failed to state a cause of action on which relief may be granted, and for such

other and further relief to which Defendants may show themselves to be justly entitled, at law and in equity.

Signed on this the 21st of April, 2005.

Respectfully submitted,

**LAW OFFICE
J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone    : (956) 504-1100
Facsimile     : (956) 504-1408

By: _____
J. Arnold Aguilar
State Bar No. 00936270
Federal Adm. No. 6822

John J. Jordan, Jr.
State Bar No. 00796852
Federal Adm. No. 21304

Attorneys for Defendants,
**CITY OF SULLIVAN CITY** and **GUMARO FLORES, REYNALDO RUIZ, FROILAN RAMIREZ,** and **ROLANDO GONZALEZ**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS CLAIMS OF BLAS GONZALEZ,** has on this the 21st day of April, 2005, been forwarded via certified mail, return receipt requested to:

*Mr. Frank J. Zabarte*
SANCHEZ, WHITTINGTON, JANIS & ZABARTE
100 N. Expressway 83
Brownsville, TX 78521-2284

*Mr. Miguel Salinas*
LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Road
Brownsville, TX 78521

_____
John W. Jordan Jr.